**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 18-3684
_____

KATHLEEN ACAVINO,
                                             Appellant

v.

JOHN W. WILSON; DENNIS L. O'CONNELL, Esquire, Divorce Master
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-18-cv-2312)

District Judge: Honorable Mark A. Kearney
_____

Submitted under Third Circuit L.A.R. 34.1(a)
September 12, 2019

Before:  CHAGARES, JORDAN, and RESTREPO, *Circuit Judges*

(Filed: January 7, 2020)

_____

OPINION[*]
_____

---

[*] This disposition is not an Opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

RESTREPO, *Circuit Judge*

Kathleen Acavino appeals the District Court's Order granting the motion of

Divorce Master Dennis L. O'Connell, Esq. to dismiss Acavino's Second Amended

Complaint ("SAC").  The District Court dismissed Acavino's SAC with prejudice based

on Divorce Master O'Connell's quasi-judicial immunity.[1]  For the reasons which follow,

we affirm.

We have jurisdiction over the Order granting the motion to dismiss pursuant to 28

U.S.C. § 1291.  We exercise plenary review over the District Court's dismissal order.

*See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

To survive a motion to dismiss, "a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 570 (2007)).  We "are not bound to accept as true a legal conclusion couched as a

factual allegation."  *Id.* (quoting *Twombly*, 550 U.S. at 555).

Divorce proceedings between Acavino and her husband were initiated in the

Philadelphia Court of Common Pleas, Family Court Division**,** and the record was

transferred to Philadelphia Family Court Divorce Master O'Connell for a hearing.

Master O'Connell held a hearing on June 4, 2018, and on that same day Acavino brought

---

[1] Having dismissed the action against Master O'Connell, the District Court also declined
to exercise supplemental jurisdiction over claims against the remaining defendant,
Acavino's former husband.

this action in the U.S. District Court against her former husband, and the District Court dismissed that Complaint without prejudice as she failed to sue a state actor. In an Amended Complaint, Acavino then sued the Commonwealth of Pennsylvania, which had immunity, and thus the District Court again dismissed the action without prejudice.

In her Second Amended Complaint, Acavino sued her former husband and Master O'Connell in his individual capacity, and she now appeals the District Court's dismissal of her claims against Master O'Connell. Specifically, she challenges the June 4th hearing and alleges a violation of her constitutional rights. Among other things, she complains about what assets should be considered for purposes of determining marital property subject to distribution, and she questions the neutrality of the Divorce Master.

Absolute quasi-judicial immunity has been extended to protect a range of judicial actors, including: "(1) those who make discretionary judgments 'functional[ly] comparab[le]' to judges, . . . (2) those who 'perform a somewhat different function in the trial process but whose participation . . . is equally indispensable,' . . . and (3) those who serve as 'arms of the court,' . . . fulfill[ing] a quasi-judicial role at the court's request." *Russell v. Richardson*, 905 F.3d 239, 247 (3d Cir. 2018) (citations and internal quotation marks omitted). Thus, the doctrine of quasi-judicial immunity provides absolute immunity for those "who perform functions closely associated with the judicial process." *Id.* (quoting *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985)).

Here, as the District Court pointed out, Master O'Connell is entitled to quasi-judicial immunity because his "judgments are 'functional[ly] comparab[le]' to those of

3

judges – that is, because [he], too, 'exercise[s] a discretionary judgment' as part of [his] function." *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 436 (1993) (citations omitted); *see Nystedt v. Nigro*, 700 F.3d 25, 31 (1st Cir. 2012) (discovery master was entitled to absolute quasi-judicial immunity); *cf. Capogrosso v. Supreme Court of N.J.*, 588 F.3d 180, 185 (3d Cir. 2009) (state officials sued in their individual capacities were entitled to quasi-judicial immunity and thus not subject to suit for injunctive relief or declaratory relief). Accordingly, we affirm the District Court's Order granting Master O'Connell's motion to dismiss.[2]

---

[2] We further note that 42 U.S.C. § 1983 provides that "'injunctive relief shall not be granted' in an action brought against 'a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable.'" *Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006) (quoting § 1983). Here, Acavino's pleading does not allege that a declaratory decree was violated or that declaratory relief was unavailable, and because the injunctive relief sought by Acavino does not address the actions of Master O'Connell other than in his judicial capacity, her claim for injunctive relief is barred. *See id.*